IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION FILE |
| v. ) | |
| ) | NUMBER 3:13-cr-10-TCB |
| FRED WAYNE DENNIS, ) | |
| ) | |
| Defendant. ) | |

### **O R D E R**

This matter is before the Court on Defendant Fred Wayne Dennis's objections [52] to Magistrate Judge Vineyard's Report and Recommendation [46], which recommends that Dennis's various motions to suppress be denied.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)).[1] Where no objection to the R&R is made, it need only be

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.

reviewed for clear error.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]  Where objections are made, a district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  The district judge must "give fresh consideration to those issues to which specific objection has been made by a party."  *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990).

"Parties filing objections must specifically identify those findings objected to.  Frivolous, conclusive or general objections need not be considered by the district court."  *Nettles*, 677 F.2d at 410 n.8.  "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act."  *Id.* at 410.

---

1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing continuing validity of *Nettles*).

[2] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings; however, the Supreme Court has held that there is no reason for the district court to apply a different standard of review to a magistrate judge's legal conclusions.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Thus, district courts in this circuit have routinely applied a clear-error standard to both.  *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases).  By contrast, the standard of review on appeal distinguishes between the factual findings and legal conclusions.  *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when magistrate judge's findings of fact are adopted by district court without objection, they are reviewed on appeal under plain-error standard, but questions of law remain subject to de novo review).

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful review of the R&R and Dennis's objections thereto. Having done so, the Court finds that Magistrate Judge Vineyard's factual and legal conclusions were correct and that Dennis's objections have no merit. Dennis is charged in a three-count indictment with knowingly distributing and receiving child pornography by a computer and with knowingly possessing computers and external hard drives containing child pornography. He filed motions to suppress all files obtained from his computer via a peer-to-peer software program and

evidence seized as a result of the search of his residence. He also seeks to suppress statements he made to the agents at his residence.

The R&R assumed without deciding that Dennis had a subjective expectation of privacy in the files on his computer that he made available to third parties via a peer-to-peer software program. In his objections, Dennis asks the Court to fully recognize his subjective expectation. The Court declines to do so.

Dennis also challenges the R&R's finding that he "utilized the file-sharing program BearShare, and despite his alleged efforts to prevent the public at large from accessing those files, they were still entirely exposed to the public for downloading and viewing without the need to employ any special means to access them other than using a compatible file-sharing program." Dennis takes issue with the R&R's use of the word "entirely," arguing that file-sharing programs do not make an entire file available, only a component bit, and as a result he had a reasonable expectation of privacy in the shared files because they were not "exposed to any member of the public in [their] entirety."

Dennis has not provided, though, and the Court has not been able to locate, any case law, including case law addressing file-sharing programs, to

support his argument.  None of the file-sharing cases distinguishes between the sharing of a portion of a file and an entire file when analyzing privacy and peer-to-peer file-sharing programs under the Fourth Amendment. What matters is whether Dennis had a peer-to-peer file-sharing program that "allowed other public users of such software to access the shared files on his computer."  *United States v. Norman*, 448 F. App'x 895, 897 (11th Cir. 2011).  There is no dispute that Dennis had such a program and that he allowed access to his computer files via this program.

Next, Dennis argues that the program the investigating agents used to access the files on his computer was a modified version of publicly available software, and that it allowed a direct connection with his computer so that the agent could download the entire file and not just the component bit.  He contends that this special software violated his Fourth Amendment rights. In addition, he argues that the agents' warrantless electronic intrusion into his home via his computer constitutes a trespass in violation of his Fourth Amendment rights.  The Eleventh Circuit rejected both of these arguments in *Norman*, 448 F. App'x at 897.  *See also United States v. Gabel*, No. 10-60168, 2010 WL 3927697, at *2 (S.D. Fla. Sept. 16, 2010) ("ShreazaLE is a law enforcement enhanced program which has no greater access to other

users' shared files than any other Gnutella client.  ShreazaLE does, however, organize data and download files in a manner that screens for child pornography and creates an evidentiary record.").  Thus, Dennis's arguments are unavailing.

    Dennis also objects to the software the agents used to identify his IP address, Child Protection System, arguing that it violates the Fourth Amendment.  He contends that CPS constitutes an unreasonable search because it keeps a database with huge quantities of worldwide IP addresses and the dates and times the IP addresses were logged on to peer-to-peer file-sharing networks.  However, Dennis misapprehends how CPS works.  "[B]ecause CPS software is based upon query-response software, the only information it gleans is information a user's computer has made available for sharing."  *United States v. Thomas*, Nos. 5:12-cr-37, 5:12-cr-44, 5:12-cr-97, 2013 WL 6000484, at *4 (D. Vt. Nov. 8, 2013).  And CPS "uses publicly available geo-location technology to narrow search results to geographic areas of interest."  *Id.* at 5.  So, even if CPS does collect information, it collects publicly available information, which does not run afoul of the Fourth Amendment.  *See Smith v. Maryland*, 442 U.S. 735, 743-44 (1979) ("a person has no legitimate expectation of privacy in information he

6

voluntarily turns over to third parties"); *see also Thomas*, 2013 WL 6000484, at *18-19 (discussing federal cases that have found information collected by law-enforcement software, including CPS, admissible); *United States v. Willard*, No. 3:10-cr-154, 2010 WL 3784944, at *3 (E.D. Va. Sept. 20, 2010) (describing CPS software component as "reading publicly available advertisements from computers identified as offering images of child pornography for distribution and identifies their IP addresses"). Consequently, this argument also fails.

In addition, Dennis complains that the agents violated his Fourth Amendment rights when they randomly chose one IP address from the CPS-generated list and illegally searched the contents of the computer connected with the selected IP address. However, as explained above, the agents used software to obtain publicly available information and files, and the IP addresses are not randomly or arbitrarily selected. *See, e.g., Thomas*, 2013 WL 6000484, at *5 ("report generated by the automated software assists the officer in prioritizing his or her investigation by identifying the 'worst' IP addresses, (in terms of the likelihood that the IP address is offering to share child pornography)"). Thus, this argument is without merit.

Dennis's final argument is that his statements to the agents on the day his residence was searched must be suppressed. He contends that he was not read his *Miranda* rights prior to being questioned by the agents. As noted in the R&R, the parties do not dispute that Dennis was in custody at the time he made the challenged statements; thus the issue is limited to whether he was properly advised of, and waived, his *Miranda* rights. The Court finds that the R&R did consider all of the circumstances and properly determined that Dennis was advised of, and waived, his rights.

Accordingly, the Court ADOPTS AS ITS ORDER the R&R [46] and DENIES Defendant's motions [15, 16, 17, 18, 24].

IT IS SO ORDERED this 12th day of May, 2014.

*[signature]*
Timothy C. Batten, Sr.
United States District Judge